## PRICE v. COOK et al.

No. 16943—Opinion Filed Nov. 9, 1926.

### False Imprisonment—Action—Official Acts— Officers—Immunity.

A county attorney, by reason of the character of duties imposed upon him by law, is a quasi judicial officer, and is immune from civil liability in damages for the discharge of his official duties even where error of judgment is disclosed, and where a sheriff acts in good faith upon the advice and by the direction of the county attorney, or his official assistant, in making an arrest without warrant in a felony case, he also is protected notwithstanding the criminal prosecution may fail for lack of evidence to convict.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by W. M. Price against C. A. Cook and others to recover damages for false imprisonment. Demurrers of defendants to plaintiff's petition sustained, whereupon plaintiff elected to stand upon his petition, and judgment was entered in favor of defendants. From these orders and the judgment, plaintiff brings error. Affirmed.

This action was commenced in the district court of Osage county July 31, 1924, by plaintiff filing therein his petition, in which it was alleged in substance that defendant C. A. Cook and defendant Charles L. Roff, on or about the 19th day of July, 1924, were the duly elected, qualified, and acting sheriff and county attorney, respectively, of Osage county, and that the defendant W. H. McKenzie was at said time the duly appointed, qualified, and acting assistant county attorney of said county, and that said defendants at all times referred to in plaintiff's petition, were acting in their official capacity.

It is then alleged that on or about July 19, 1924, C. A. Cook and W. H. McKenzie unlawfully conspired and confederated together, and did maliciously, unlawfully, and without probable cause, have plaintiff arrested, and that he was confined at the county jail at Pawhuska for two nights and one day without any warrant having been issued, or any information filed against him, but that on July 21, 1924, all three of the defendants unlawfully conspired and confederated together, and that the defendant Charles L. Roff thereupon did sign and file an information against this plaintiff charging him with being an accessory after the fact to the crime of murder; that upon a hearing had upon said information on July 28, 1924, this plaintiff was discharged upon motion of said Charles L. Roff because of insufficiency of the evidence. Plaintiff then alleges that said alleged unlawful arrest and said charge and prosecution for a felony was wholly unfounded and without just cause, and that said defendants acted with malice toward plaintiff and plaintiff's friends with the intent to wrong and injure plaintiff, and alleges damages resulting therefrom in the sum of of $50,100 for which he prayed judgment.

Each of the defendants filed his separate general demurrer to the petition of plaintiff. and upon a hearing of said demurrers each and all of them were sustained by the court. Thereupon p'aintiff elected to stand upon his petition, and judgment was rendered in favor of the defendants. To reverse this action of the trial court plaintiff has brought the case here by petition in error with transcript attached for review.

L. F. Roberts and Gambill & Gambill, for plaintiff in error.

W. H. McKenzie, John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for defendants in error.

Opinion by LOGSDON, C. Plaintiff in his petition in error has assigned three grounds of error, but in the presentation of the case in his brief has abandoned all grounds of error except the third, which is that the court erred in sustaining the demurrers of the several defendants to the petition of the plaintiff.

Plaintiff admits in his argument that the county attorney, when acting in his official capacity. is a quasi judicial officer, and that he is immune from any liability in damages so long as he acts within the scope of his authority. It is plaintiff's contention, however, that in the arrest and prosecution of plaintiff upon a charge of being accessory after the fact to the crime of murder.

the prosecuting attorney and his assistant were not acting within the scope of their authority, and that the acts of the sheriff done by the direction of the county attorney, or of his assistant, were unlawful and without authority of law. The sole authority relied upon by plaintiff to sustain his contention is the case of Snyder v. Shepherd (Mich.) 158 N. W. 182. This case has been carefully read and considered. In relying upon this case as authority for the contention here made, it is considered that plaintiff has not properly understood or applied the principles announced therein. In that case the county attorney was not acting within the scope of his authority in any sense of the word. Certain ordinances of the city of Detroit were being violated. and the impression seemed to prevail that the police department and the city authorities were lax in their enforcement of these ordinances. The county attorney thereupon took it upon himself to import two private detectives from Chicago, who made certain investigations and reports. Upon one of these reports the county attorney requested the police commissioner to mobilize 100 policemen at midnight of a certain day, and the county attorney thereupon delivered to the police commissioner written slips upon which were described certain premises which he desired raided, and special instructions were written as to the methods to be followed. The plaintiff in that case was a respected citizen of Detroit, having owned and occupied his residence at 291 Bush street for a period of 30 years, his family at the time of the occurrence involved consisting of himself, his wife. and a twelve-year old daughter. Under these directions from the county attorney a detail of policemen went to his home about one or two o'clock in the morning, and demanded entrance, and there and then arrested the plaintiff upon a charge of conducting a house of ill-fame. Upon these facts the Supreme Court of Michigan held that the county attorney was not acting within the scope of his authority. in seeking to enforce city ordinances, he being a county officer, but stood in the same situation as any other private informer who instigated criminal proceedings against a citizen, and that if he acted upon false information or mistakenly, he was liable in damages for the consequences of his unofficial acts.

No such situation is presented by the instant case. On the contrary, it is expressly alleged in plaintiff's petition that all of the defendants were acting in their official capacity in doing the things which he charges

against them. It is disclosed by the petition of plaintiff, inferentially at least, that it was upon the advice and direction of the assistant county attorney that the sheriff arrested the instant plaintiff and lodged him in the county jail.

An arrest is defined to be the taking of a person into custody that he may be held to answer for a public offense. (Comp. Stat. 1921. sec. 2461). An arrest may be lawfully made by an officer without a warrant when a felony has been committed, and he has reasonable cause for believing the person arrested to have committed it. (Section 2471, Id.) A felony is a crime which is or may be punishable with death or by imprisonment in the penitentiary. (Section 1503, Id.) The punishment prescribed for accessories in felony cases is by imprisonment in the state penitentiary not exceeding five years, or in a county jail not exceeding one year or by fine not exceeding $500, or both such fine and imprisonment. (Section 1524, Id.) A prisoner is defined to be every person held in custody under process of law issued from a court of competent jurisdiction, whether civil or criminal, or under any lawful arrest. (Section 1623, Id.)

Under the allegations of plaintiff's petition there can be no question that all of the defendants in the instant case were acting within the scope of their authority, all of them being county officials and charged with the enforcement of the criminal laws of the state. There is no allegation anywhere in the plaintiff's petition that the crime of murder to which he was charged as being an accessory was not in fact committed. It appears from the face of the petition that, within less than 48 hours after the arrest of plaintiff, an information in due and legal form was lodged against him in a court of competent jurisdiction charging him with the felony of being an accessory after the fact to the crime of murder. This information was signed by the county attorney and warrant was duly issued thereon. The generally accepted principle, on which rests the rule in reference to the immunity of public officers in the institution of criminal proceedings, and of the immunity of private citizens who institute like prosecutions in good faith upon the advice of competent counsel, is thus stated in 19 Am. & Eng. Enc. of Law (2nd Ed.) 650:

"Public policy favors prosecution of crime, and requires that a person who in good faith and upon reasonable grounds institutes such proceedings upon a criminal charge shall be protected. The presumption of law is, therefore, that every prosecution for a crime is founded on probable cause and is instituted only for purposes of justice."

In Dunnington v. Loesser, 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874, on petition for rehearing, the same principles are stated in paragraph 5 of the syllabus in this language:

"To adopt a lax rule, favorable to actions for malicious prosecution, is to open the door in such action, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute."

In plaintiff's petition it is expressly alleged, as before stated, that all of the acts of the defendants were done and performed while in the discharge of their official duty. It being admitted that the actions of the county attorney and of his assistant, when done within the scope of their authority, are quasi judicial in character, and afford absolute immunity from liability therefor, and it being inferentially alleged in plaintiff's petition that the defendant sheriff, in making the arrest of plaintiff, acted upon the advice and by the direction of the assistant county attorney, and the crime charged against the plaintiff being a felony, his arrest without warrant was not unlawful or unauthorized. His confinement in the county jail thereafter for a period of less than 48 hours pending investigation by the county attorney's office of the crime alleged against him, followed by the filing of an information in due and legal form and the issuance of a warrant thereon, are facts which import good faith in the proceedings and entitle said officers to immunity from harassing actions for damages in consequence of their official acts. The fact that plaintiff was thereafter discharged for insufficiency of the evidence upon motion of the county attorney upon preliminary examination of the charge does not establish, or tend to establish, a malicious or otherwise wrongful motive in the actions of said officers. Lindsay v. Couch, 22 Okla. 4, 98 Pac. 973; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397; Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 Pac. 1151.

For the reasons herein stated, the action of the trial court in sustaining the demurrers of the several defendants to the petition of plaintiff was correct, and its judgment in favor of the defendants based thereon is in all things affirmed.

By the Court: It is so ordered.

Note.—See 5 C. J. p. 417, §46; 18 C. J. p. 1296, §1; p. 1318. §46 (Anno); 25 C. J. p. 517, §99; 11 R. C. L. p. 816.