**Donald W. BARNES, Appellant,**

v.

**B. F. MERRITT, Jr., et al., Appellees.**

**No. 23573.**

United States Court of Appeals
Fifth Circuit.

April 18, 1967.

H. T. O'Neal, Jr., Adams, O'Neal, Steele, Thornton & Hemingway, Macon, Ga., for appellant.

Trammell F. Shi, City Atty., Shi & Raley, Macon, Ga., for appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

GEWIN, Circuit Judge:

Donald W. Barnes brought suit in the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 for declaratory and injunctive relief alleging that the Mayor of the City of Macon, Georgia, and the members of the City Council had unlawfully deprived plaintiff of due process and equal protection of the laws in violation of the Fourteenth Amendment in denying his application for a retail liquor license. The defendants' motion to

dismiss the complaint was sustained by the district court on the ground that the complaint failed to allege any facts showing the denial of any right guaranteed to plaintiff under the Constitution or laws of the United States. Barnes appeals from the order of the court granting defendants' motion to dismiss. We reverse.

The record in this case consists entirely of appellant's complaint, appellees' motion to dismiss, and the district judge's memorandum opinion granting the above motion. The only recital of facts contained in the record is in appellant's complaint and such facts are set out below. Since the appellees have not denied any allegation of the complaint, for the purpose of this appeal they must be taken as true.

Appellant, a resident of Macon, Georgia, filed with the Alcohol Control Committee an application for a retail liquor license in order to operate a retail liquor store at a site owned by appellant on Forsyth Road in the City of Macon approximately 4 miles from the geographic center of the city. The application was properly made in accordance with city ordinances which specify that the applicant furnish the following information:

(a) Type of license desired (whether manufacturer, wholesaler, or retailer)

(b) Name and address of applicant

(c) Length of time a resident of the State, County and City

(d) Age, sex, height, and weight of applicant

(e) Name and address of agent in charge of business

(f) Names and addresses of real owner or owners of place of business and, if different from or additional to the applicant, all information as to such owner or owners as required of applicant

(g) Location of the place of business

The Alcohol Control Committee and the Chief of the Police Department are required by city ordinance to give preliminary approval or disapproval of an application as a condition to action thereon by the Mayor and Council. Consequently, a hearing was conducted in accord with the above ordinance and the Committee and the Chief of Police disapproved of appellant's application for the sole reason that the proposed location of appellant's store lies outside of the geographical area in which the policy of the Committee permits the granting of package store licenses, or as stated in the complaint, "the operation of retail liquor stores."[1] Subsequently, appellant's application was brought on for a hearing before the Mayor and Council of the City of Macon and they adopted the rejection of the application by the Committee and the Chief of Police and thereby denied appellant's application for a liquor license.

Appellant then filed a complaint in the district court against the Mayor and the aldermen who compose the City Council of Macon, Georgia, alleging that such parties by rejecting his application for a liquor license had deprived him of his constitutional rights under the Fourteenth Amendment. Appellant alleged that he had complied with all the city ordinances regulating the licensing of retail liquor stores, including the submission of all required information as detailed above. In addition he alleged that "there are no ascertainable standards by which the qualifications and fitness of applicants can be determined, and * * * no geographical standards have been prescribed by the Ordinances of said City." Consequently, appellant contended in his complaint that in view of the lack of standards[2] by which appli-

---

1. The Committee asserted that its recommendation for denial was, "based solely on the fact that the proposed location described in said application lies outside of the geographical limits to which the policy of this Committee restricts the granting of package store licenses." The

Chief of Police concurred in the denial of the application for the same reason given by the Committee.

2. In addition to contending that the lack of standards made the action of appellees in denying his application discriminatory,

cants for licenses are judged and particularly the lack of a geographical standard, the action of the appellees in denying his application was "arbitrary, capricious, and discriminatory" and that such action deprived appellant of his constitutional right to due process and equal protection of the laws in violation of 42 U.S.C. § 1983. Jurisdiction of the district court was invoked under 28 U.S.C. § 1343(3).[3]

Appellant sought a declaratory judgment under 28 U.S.C. § 2201 and an injunction restraining appellees from denying licenses when there are no ascertainable standards by which to judge an applicant's qualifications and sought to enjoin appellees from considering his application on any basis other than valid laws and ordinances in effect at the time the application was made. The appellees filed a motion to dismiss on the grounds that: (1) the complaint fails to state a claim upon which relief can be granted, (2) the court lacks jurisdiction and (3) the complaint fails to allege facts showing the denial to appellant of any right guaranteed to him under the Constitution or the laws of the United States.

The district court granted appellees' motion to dismiss the complaint on the third ground specified above. The court interpreted appellant's complaint as not alleging that standards, including geographic standards, by which the Alcohol Control Committee could judge the qualification of applicants were completely non-existent, but instead interpreted the complaint as only alleging that the ordinances of the City of Macon did not contain such standards. Particularly, in view of the fact that the Committee had denied the application on the ground that their policy did not permit liquor stores in appellant's geographic area, the court found that appellant had not alleged that pertinent standards had not been promulgated by policies of the Committee or that he was not cognizant of the policy of the Committee that new licenses would not be granted in certain geographic areas. Viewing appellant's complaint as a mere attack on the lack of standards in the ordinances, and considering the denial of the application by the Committee as a statement that geographic standards were embodied in their policies which are announced in a manner less formal than an ordinance, the court concluded that the complaint did not allege sufficient facts to show that appellant had been denied any constitutional right.[4]

appellant alleged that at the time of his filing and on the date of his hearing there were several liquor stores in operation pursuant to licenses, all of which were further from the geographical center of Macon than appellant's proposed location and therefore granting licenses to others and refusing to grant a license to appellant on the basis of geography was discriminatory. In the light of the fact that the Alcohol Control Committee did not specify the characteristics of appellant's geographic location which made it necessary to reject his application, we are unable to conclude on the record before us that this allegation has any substance.

3. These statutes read as follows:
28 U.S.C. § 1343(3):
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;
"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"
42 U.S.C. § 1983:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4. The following is from the memorandum opinion of the district court:
"Plaintiff is dissatisfied with the geographical standards which apparently have been adopted by the City of Macon

While we agree with the district court's reading of the Alcohol Control Committee's rejection which concluded that according to the policy of the Committee licenses are not permitted in appellant's geographical area, we view appellant's complaint in a more favorable light. We think, reading the complaint as a whole, that it clearly alleges that standards for deciding the qualifications of liquor license holders are totally non-existent. In spite of the fact that in certain portions of the complaint appellant selected wording which implies that he rests his claim on the fact that the city ordinances do not contain standards, we read the complaint as asserting a much broader claim, namely that not only do the ordinances lack standards but that such standards are completely absent.

■ According to Hornsby v. Allen, et al., 326 F.2d 605 (5 Cir. 1964), rehearing denied 330 F.2d 55, the lack of ascertainable standards is a violation of due process actionable under 28 U.S.C. § 1343(3). Although the facts in *Hornsby* are not identical to those in the instant case, the decision is applicable. In *Hornsby*, an application for a license to operate a retail liquor store in Atlanta, Georgia, was denied by the Mayor and Board of Aldermen and the applicant brought suit under 28 U.S.C. § 1343 claiming that the denial violated due process in that she was afforded no hearing, knew of no standards which had to be met to obtain a license and was given no reason for the denial. The court held that the fundamental requirements of due process are applicable to the licensing

process; and adherence to the principle of due process requires that prescribed standards be established and observed by city officials. We quote from the decision:

"If it develops that no ascertainable standards have been established by the Board of Aldermen by which an applicant can intelligently seek to qualify for a license, then the court must enjoin the denial of licenses under the prevailing system * * *."[5]

■ The district court granted appellees' motion to dismiss on the ground that the complaint failed to allege sufficient facts showing that appellant had been denied a constitutional right. Such a motion should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Due v. Tallahassee Theatres, Inc., et al., 333 F.2d 630 (5 Cir. 1964); Arthur H. Richland Co. v. Harper, et al., 302 F.2d 324 (5 Cir. 1962); Millet v. Godchaux Sugars, Inc., 241 F.2d 264 (5 Cir. 1957).[6]

■ We conclude from our interpretation of the complaint and on the basis of the *Hornsby* decision that the complaint clearly alleges sufficient facts upon which, if such facts proved to be true, the trial court could grant relief, and therefore the complaint cannot be the victim of a motion to dismiss. However, whether there is any substance to the allegations depends on the proof offered either on a trial or possibly on a motion for summary judgment demonstrating

with respect to the issuance of liquor licenses and he points out that these standards have not been set forth in a formal ordinance, but we know of no requirement that such matters be embraced in an ordinance. This can reasonably be a matter of regulation or announcement of policy in a manner less formal than an ordinance so long as the regulations are reasonable and the information is available."

5. Hornsby v. Allen, et al., supra 326 F.2d at page 613. Appellant, appellees and the trial court relied on the *Hornsby* decision.

6. In view of the wealth of cases where the dismissal of a claim on the basis of the pleadings alone has been reversed, it would be an understatement to say that such dismissals are looked upon unfavorably. Barber v. The Motor Vessel "Blue Cat", et al., 372 F.2d 626 f. n. 1 (5 Cir. 1967) and Millet v. Godchaux Sugars, Inc., supra 241 F.2d at page 265, f. n. 1 contain a myriad of examples.

that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Reversed and remanded.

Lumbard, Chief Judge, dissented.