**Benjamin F. MARLOWE, Appellant,**

v.

**J. Frank COAKLEY et al.,**
**Appellees.**

**No. 21981.**

United States Court of Appeals
Ninth Circuit.

Nov. 22, 1968.

Rehearing Denied Jan. 28, 1969.

Benjamin F. Marlowe (argued), Oakland, Cal., for appellant.

Richard J. Heafey (argued), of Hagar, Crosby & Rosson, Oakland, Cal., for appellees.

Before BROWNING and ELY, Circuit Judges, and VON DER HEYDT, District Judge.

PER CURIAM:

This appeal is from the District Court's dismissal of appellant's civil rights suit under 42 U.S.C. § 1983 against the district attorney of Alameda County, California, and his assistants. Appellant complained that appellees knowingly and wilfully, or with gross negligence, presented perjured testimony to the grand jury investigating appellant's activities and that appellees wilfully and deliberately suppressed from the grand jury exculpating evidence within their knowledge. The grand jury indicted appellant for the crime of grand theft, but the subsequent state court trial resulted in acquittal. The District Court's jurisdiction was conferred by 28 U.S.C. § 1343, and ours rests on 28 U.S.C. § 1291.

The sole issue is whether appellees are immune from civil liability for the acts of which appellant complained.

A prosecuting attorney is immune from civil suit for acts committed in the performance of duties constituting an integral part of the judicial process. Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965). In *Robichaud* we discussed the policy behind such immunity as well as its limitations. We stated at 536:

"The key to the immunity previously held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process."

A California district attorney's presentation of evidence to a grand jury is clearly within the scope of his duty to advise and present information to the grand jury as authorized by California

law. See Cal.Pen.Code, § 925 (West 1956); Cal.Gov.Code, § 26501 (West 1955). The function is "an integral part of the judicial process."

Affirmed.