**Roy B. POWELL, Petitioner,**

v.

**Frank H. SEAY, District Judge of the District Court of Seminole County, Wewoka Division, Oklahoma, Respondent.**

**No. 48856.**

Supreme Court of Oklahoma.

Feb. 24, 1976.

Supplemental Opinion on Rehearing.

July 27, 1976.

Roy B. Powell, pro se.

Jack A. Mattingly, James E. Driscoll, Seminole, for respondent.

BERRY, Justice:

This is original proceeding commenced by Roy B. Powell, District Attorney of Seminole County. Petitioner seeks writ of prohibition against respondent, Hon. Frank H. Seay as District Judge of District Court of Seminole County, Wewoka Division, Oklahoma.

He asks this Court to assume jurisdiction and to issue writ of prohibition to respondent judge commanding him to refrain from further proceedings in cause No. C–75–95 in District Court of Seminole County.

On July 2, 1975, William C. Merryfield, Sheriff of Seminole County commenced action against petitioner, district attorney, seeking damages for alleged malicious prosecution.

His petition alleges district attorney maliciously and without justifiable cause filed complaint against sheriff charging him with unlawfully ordering and dissuading an individual to leave district court, by means of threat to deter this individual from testifying to grand jury. Petition further alleges preliminary hearing was held on complaint on May 1, 1975, in District Court of Seminole County and charges were dismissed.

On July 14, 1975, sheriff filed interrogatories for district attorney to answer. District attorney failed to answer interrogatories.

On August 4, 1975, district attorney filed special appearance and denial of jurisdiction on ground all acts complained of transpired while in his official capacity as district attorney and being immune from liability, action should be dismissed.

On August 27, 1975, hearing was had on sheriff's motion to compel answers to interrogatories and district attorney's special appearance and motion to dismiss for lack of jurisdiction.

Trial judge sustained sheriff's motion to compel answers to interrogatories giving district attorney forty days to comply. Trial judge held in abeyance argument on special appearance and motion to dismiss for lack of jurisdiction for period of 45 days so parties might submit briefs.

On September 4, 1975, district attorney filed application in this Court for writ of prohibition.

We have consistently held a judicial officer is not liable in civil action for judicial acts. *Comstock v. Eagleton,* 11 Okl. 487, 69 P. 955; *Waugh v. Dibbens,* 61 Okl. 221, 160 P. 589; *Quindlen v. Hirschi,* Okl., 284 P.2d 723.

In *Mills v. Smith,* Okl., 355 P.2d 1064, we rejected the contention that malicious acts of public officials engaged in a quasi-judicial duty require application of a different rule. We stated:

"* * * We think reason, justice and public policy demand that when a public officer is engaged in a quasi-judicial duty involving discretion, he be immune from liability for his acts, if they

are within his jurisdiction, or lawful authority, regardless of his motive. As stated in *Sanders State Bank v. Hawkins,* Tex.Civ.App., 142 S.W. 84, to hold him liable for discretionary acts in a 'private action, it must appear that he transcended the limits of his power, but as long as he remains within the scope of his legal authority he is not liable, notwithstanding his motive; * * * ' ''

In *Price v. Cook,* 120 Okl. 105, 250 P. 519, we held actions of county attorney done within scope of his authority are quasi-judicial in character and afford absolute immunity from liability. We quoted with approval the following statement in *Dunnington v. Loeser,* 48 Okl. 636, 149 P. 1161, 150 P. 874, on petition for rehearing:

"To adopt a lax rule, favorable to actions for malicious prosecution, is to open the door in such actions, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute."

■ In instant action facts alleged in petition clearly reveal district attorney in initiating complaint against sheriff was acting within scope of his authority as prosecuting attorney.

Thus, petition wholly fails to state a cause of action based on malicious prosecution.

Sheriff contends petition also states cause of action under Federal Civil Rights Act, 42 U.S.C. § 1983, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Both parties agree federal civil rights action may be brought in state court.

Some federal civil rights cases hold district attorney may be liable where he goes beyond prosecutorial function and engages in police function of arrest and interrogation. *Robichaud v. Ronan,* 351 F.2d 533 [9th Cir. 1965]; *Hampton v. Chicago,* 484 F.2d 602 [7th Cir. 1973]; *Ames v. Vavreck,* 356 F.Supp. 931 [D.C.1973].

■ However, present case is based upon filing of criminal charge and prosecution of criminal case. Such acts are prosecutorial functions, and not police functions.

■ The general rule under federal civil rights act is that prosecuting attorneys are immune from civil suits for damages based on performance of duties that are part of the judicial process. *Marlowe v. Coakley,* 404 F.2d 70 [9th Cir.], cert. denied, 395 U. S. 947, 89 S.Ct. 2017, 23 L.Ed.2d 465; *Bauers v. Heisel,* 361 F.2d 581 [3rd Cir. 1966]; *Phillips v. Nash,* 311 F.2d 513 [7th Cir. 1962]; *Weathers v. Ebert,* 505 F.2d 514 [4th Cir. 1974]; *Barnes v. Dorsey,* 480 F.2d 1057 [8th Cir. 1973].

■ Immunity exists regardless of malice where acts committed are intrinsic part of prosecutorial function. *Sykes v. State of Cal.,* 497 F.2d 197 [9th Cir. 1974]; *Robichaud v. Ronan,* supra.

■ All acts of district attorney upon which present action is based were intrinsic part of prosecutorial function. Thus, district attorney is immune from prosecution for alleged violation of civil rights act.

The remaining question is whether prohibition is proper remedy.

Art. VII § 4 of the Constitution of the State of Oklahoma gives this Court original jurisdiction to issue writs of prohibition.

■ Prohibition is proper remedy, where inferior court assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force. Writ will not be withheld under such conditions because

other concurrent remedies exist where it does not appear such remedies are equally adequate and convenient. *Board of Commissioners of Harmon County v. Keen,* 194 Okl. 593, 153 P.2d 483; *State ex rel. Pitchford v. District Court of 24th Judicial Dist.,* Okl.Cr., 323 P.2d 993.

■ Here no cause of action exists. No appeal lies from order compelling defendant to answer lengthy interrogatories. Also, no appeal lies for trial judge's failure to rule on question of immunity. Further, a burdensome and expensive trial that will consume public funds is undesirable.

Under such circumstances remedy of appeal is not speedy and adequate and writ of prohibition should issue as prayed.

A writ of prohibition is accordingly issued permanently restraining respondent district judge and district court of Seminole Court, Wewoka Division from proceeding further in said cause.

WILLIAMS, C. J., and LAVENDER, BARNES, SIMMS, JJ., concur.

HODGES, V. C. J., and IRWIN and DOOLIN, JJ., dissent.

DOOLIN, Justice (dissenting):

We agree with the majority that if it is shown that a district attorney is acting within the scope of his authority and in pursuance of his official duties, he is immune from civil liability for his acts. This is clearly supported by the cases cited. However, believing the action taken by the majority to be premature, we dissent to the issuance of the writ for two alternative reasons.

First, we believe the petition does indeed state a cause of action, more specifically under 42 U.S.C.A. 1983; and second, in the alternative a claim that a petition does not state a cause of action should be attacked by demurrer not by a refusal to answer interrogatories.

Does the petition state a cause of action? Contrary to the opinion of the majority, we believe that it does. The allegations contained in the petition state a cause of action unless a district attorney is absolutely immune from civil liability. But a district attorney's immunity as a quasi-judicial officer is not absolute but qualified. Although citizens have been protected from the abuse of power by a government official by the fourteenth amendment to the United States Constitution, cases cited by the majority prior to the Civil Rights Act of 1964 are not controlling. Section § 1983, as quoted in the majority opinion, gives a cause of action where none might have existed before. It gives a right of action to private citizens when any official acting under the color of law oversteps his authority. It is designed to encompass all governmental officers and does not exempt district attorneys. The cases cited under this section are legion. If a government official goes beyond that which he is authorized to do he sheds his cloak of immunity.

In *Robichaud v. Ronan,* 350 F.2d 533 (9th Cir. 1965) the Court said when a prosecuting attorney acts in some capacity other than quasi-judicial such as a police officer, he is no longer immune. If immunities are too broadly granted to prosecutors without consideration of the nature of their alleged misdeeds and the reason for immunity, then § 1983 becomes subject to circumspection if not emasculation. See also *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972).

Even prior to the enactment of § 1983 there is authority that a district attorney sheds his immunity if he is not acting on complaints sworn out by others but rather initiates the complaint himself and causes a party to be arrested on a charge that he knows to be false. See *Watts v. Gerking,* 111 Or. 641, 222 P. 318 (1924); *Schneider v. Shepherd,* 192 Mich. 82, 158 N.W. 182 (1916). Such action is not within the scope of his duties. It is an abuse of power under color of state law.

Plaintiff's petition alleges "Defendant maliciously with no justifiable cause and with intent to injure W. C. (Bill) Merry-

field in his reputation and occupation of Sheriff of Seminole County, Oklahoma, and to bring W. C. (Bill) Merryfield into public disgrace continued to charge and prosecuted W. C. (Bill) Merryfield with the aforementioned alleged crime." Such alleged action is not within the scope of the duties of a district attorney. This allegation, if proved to be true, creates a cause of action as covered by § 1983.

Petition further alleges that one of District Attorney's witnesses was being investigated for perjury. If true, such a fact could create a cause of action as covered by § 1983, under respondeat superior.

Petition further alleges that defendant had no reasonable or justifiable cause for bringing the above charge against Merryfield and that Merryfield was acquitted of the charges. If true, again plaintiff may have stated a cause of action under § 1983.

If a district attorney files charges on his own, when he knows there has been no criminal act committed upon which to base these charges, there can be little doubt that he has acted beyond the scope of his authority and is subject to a damage suit. If a petition so alleges it states a cause of action. If it does not, an adequate procedure is available through a demurrer or a motion for summary judgment.

This brings us to our second point of departure from the opinion of the majority. There was no demurrer filed. The District Attorney simply refused to answer interrogatories submitted by the plaintiff. This is not the proper method to attack a petition. Cases under § 1983 have uniformly allowed a plaintiff to amend his petition; here plaintiff will not be given that privilege. Our Oklahoma statutes are specific. The trial court may order a party to answer interrogatories and a party may be held in indirect contempt if he refuses. 12 O.S. 1971 § 549(c). The District Attorney is given no more right to refuse than a private citizen. If we permit a district attorney to act in this cavalier manner, do we also give a private citizen the right to refuse to answer interrogatories if he believes the complaint to be faulty? I think not. By the majority opinion, that right belongs exclusively to judicial and quasi-judicial officers.

We agree that a petition for damages for malicious prosecution by a district attorney must allege such type of abuse of office. The complaint must be specific, but it is not necessary in an action brought under § 1983 to enumerate each specific act. This would be to plead evidence. Since § 1983 is remedial legislation it must be given liberal construction. An action under § 1983 must not be dismissed at the pleading stage unles it appears *to be a certainty* that the plaintiff would be entitled to no relief under any stated facts which might be proved in support of his claim. *Barnes v. Merritt*, 376 F.2d 8 (5th Cir. 1967); *Holmes v. New York City Housing Authority*, 398 F.2d 262 (2nd Cir. 1968). Otherwise we are giving a district attorney carte blanche to initiate as well as prosecute an action against anyone for any reason without just cause, with no fear of reprisal and with no redress in the citizen.

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974) involved a suit against the Governor of Ohio, Adjutant General and others by the personal representatives of the estates of the students who were killed on the campus of Kent State University. The District Court dismissed for lack of jurisdiction before an answer was filed because it felt the defendants were being sued in their official capacities. The Sixth Circuit affirmed. The United States Supreme Court reversed, holding the issue was not whether a plaintiff would ultimately prevail, even though it might appear on the face of the pleadings that a recovery was very remote and unlikely, but whether the claimant was entitled to offer evidence to support his claims. A complaint should not be dismissed for failure to state a claim unless it appears the plaintiff *could prove no set of facts* in support of his claim which would

entitle him to relief. The acts of a government officer do not have the quality of a supreme and unchangeable edict, overriding all conflicting rights. These acts are reviewable through the judicial power granted by virtue of § 1983. The Court further held the district court had acted prematurely and hence erroneously in dismissing the complaints as it did, without affording claimants any opportunity to establish their claims.

This is the identical situation here. Plaintiff has had no opportunity to present evidence of his claims. We are not unmindful that the suit here is against a district attorney, not the governor. But to hold this office is clothed with a higher degree of immunity than that of the Governor of a Sovereign State is to do an injustice to the intent and meaning of the 1964 Civil Rights Act. The erosion of § 1983 has begun with the majority decision.

We express no opinion as to the validity of plaintiff's claims or as to his chances of prevailing. We would simply hold that to dismiss the cause at this point before plaintiff has had an opportunity to consider the answers to the interrogatories and if necessary amend his petition or prove his claims is premature and the writ should be denied.

I am authorized to state that Vice Chief Justice HODGES concurs in the views herein expressed.

## SUPPLEMENTAL OPINION ON REHEARING

SIMMS, Justice:

Following this Court's promulgation of an opinion in this case, the Supreme Court of The United States decided *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250, which was a case involving the issue of immunity of a California District Attorney, and more particularly, the scope and applicability of immunity against an action brought under the provisions of 42 U.S.C. § 1983.

We find *Imbler v. Pachtman, supra,* supportive of the conclusion reached in the prior opinion of this Court.

In *Imbler,* Mr. Justice Powell wrote:

"The function of a prosecutor that most often invites a common-law tort action is his decision to initiate a prosecution, as this may lead to a suit for malicious prosecution if the State's case misfires. The first American case to address the question of a prosecutor's amendability to such an action was *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001 (1896). The complaint charged that a local prosecutor without probable cause added the plaintiff's name to a grand jury true bill after the grand jurors had refused to indict him, with the result that the plaintiff was arrested and forced to appear in court repeatedly before the charge finally was *nolle prossed.* Despite allegations of malice, the Supreme Court of Indiana dismissed the action on the ground that the prosecutor was absolutely immune."
"The *Griffith* view on prosecutorial immunity became the clear majority rule on the issue. * * *"

&ast; &ast; &ast; &ast; &ast; &ast;

"The common-law rule of immunity is thus well settled. We now must determine whether the same considerations of public policy that underline the common-law rule likewise countenance absolute immunity under § 1983. *We think they do.*" (E.A.)

"If a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some fre-

quency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Cf. *Bradley v. Fisher,* [80 U.S. 335], 13 Wall. [335] at 348, 20 L.Ed. 646; *Pierson v. Ray,* 386 U.S. [547], at 554, 87 S. Ct. [1213] at 1217 [18 L.Ed.2d 288]. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law."

"Moreover, suits that *survived the pleadings* would pose substantial danger of liability even to the honest prosecutor. * * *" (E.A.)

   *    *    *    *    *    *

"The affording of only a qualified immunity to the prosecutor also could have an adverse effect upon the functioning of the criminal justice system. * * *"

The last paragraph of the *Imbler* opinion delineates the scope of the Court's holding, wherein it is stated:

"* * * We have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate. *We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under* § *1983.*" (E.A.)

If we assume for the purposes of the motion to dismiss, filed in the trial court that all allegations contained in plaintiff's petition are true, the petition alleges that petitioner herein "maliciously and without reasonable and justifiable cause, made a sworn complaint in Cause No. CR–75–73, Seminole County, Wewoka Division, Oklahoma" and that petitioner "continued to charge and prosecuted W.C. (Bill) Mayfield with the aforementioned alleged crime." The filing of a criminal complaint and the prosecution thereof, without question, fall within the penumbra of quasi-judicial functions, as mentioned in *Imbler, supra,* and therefore, petitioner, as a matter of law, is immune from suit, either at common-law, or under 42 U.S.C. § 1983. We further conclude, under *Imbler, supra,* that such a determination may be properly made at the pleading stage.

Rehearing is therefore Denied.

WILLIAMS, C. J., and BERRY, LAVENDER and BARNES, JJ. concur.

HODGES, V. C. J., and IRWIN, J., dissent.

DOOLIN, Justice (dissenting):

I agree with the majority that under *Imbler v. Pachtman* if it is shown a district attorney is acting within the scope of his authority and in pursuance of his official *prosecutorial* duties, he is immune from civil liability for his acts. This is further supported by other cases cited. However, believing the action taken by the majority to be premature, I dissent to the issuance of the writ.

As the majority opinion sets out, the trial court has not passed on the question of whether the petition states a cause of action. It held in abeyance argument on petitioner's motion to dismiss for failure to state cause of action but sustained plaintiff's motion to compel answers to interrogatories.

Before the trial court heard argument or ruled on motion to dismiss, petitioner filed application and petition for writ of prohibition. Petitioner requests this court to prohibit trial court from ruling on whether petitioner's activities are of such nature as to clothe him with absolute immunity from suit. In order to rule in his favor we must hold a district attorney is *always absolutely* immune regardless of the capacity in which he acts. If this hypothesis is true it would be impossible to state a cause of action for malicious prosecution against petitioner. This is not the law.

The recent United States Supreme Court decision, *Imbler v. Pachtman* clearly holds *only* that a district attorney is absolutely immune if he is acting in his *prosecutorial* capacity. The Court states "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." There the district attorney's activities were "intimately associated with the judicial phase of criminal process and thus were functions to which the reasons for absolute immunity apply with full force." The United States Supreme Court did not consider whether he would be immune for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." The Court left standing the rule "that a prosecutor engaged in certain investigatory activities enjoys not the absolute immunity associated with judicial process, but only a good-faith defense comparable to the policeman's." *Imbler* has not rendered these cases impotent. It *is* possible to state a cause of action for malicious prosecution against a district attorney acting in some capacity other than prosecutorial.

In *Robichaud v. Ronan,* 351 F.2d 533 (9th Cir. 1965), the court said when a prosecuting attorney acts in some capacity other than quasi-judicial such as a police officer, he is no longer immune. If immunities are too broadly granted to prosecutors without consideration of the nature of their alleged misdeeds and the reason for immunity, then § 1983 becomes subject to circumspection if not emasculation. See also *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972).

Even prior to the enactment of § 1983 there is authority that a district attorney sheds his immunity if he is not acting on complaints sworn out by others but rather initiates the complaint himself and causes a party to be arrested on a charge that he knows to be false. See *Watts v. Gerking,* 111 Or. 641, 222 P. 318 (1924); *Schneider*

*v. Shepherd,* 192 Mich. 82, 158 N.W. 182 (1916).

Since § 1983 is remedial legislation it must be given liberal construction. An action under § 1983 must not be dismissed at the pleading stage unless it appears *to be a certainty* that the plaintiff would be entitled to no relief under any stated facts which might be proved in support of his claim. *Barnes v. Merritt,* 376 F.2d 8 (5th Cir. 1967), *Holmes v. New York City Housing Authority,* 398 F.2d 262 (2nd Cir. 1968). Otherwise we are giving a district attorney carte blanche to investigate and initiate as well as prosecute an action against anyone for any reason without just cause, with no fear of reprisal and with no redress in the citizen. *Imbler* does not contemplate this type immunity. I agree with Justice White in his concurring opinion, "that to extend absolute immunity to any group of state officials is to negate pro tanto the very remedy which it (§ 1983) appears Congress sought to create." The learned Justice further states: "If the complaint is based on allegations of suppression or failure to disclose, the prosecutor should not be absolutely immune."

In our case, there was no demurrer to petition filed. Petitioner simply refused to answer the interrogatories submitted by the plaintiff. Our Oklahoma Statutes are specific. The trial court may order a party to answer interrogatories and a party may be held in indirect contempt if he refuses. 12 O.S.1971 § 549(c). The district attorney is given no more right to refuse than a private citizen. If we permit a district attorney to act in this cavalier manner, do we also give a private citizen the right to refuse to answer interrogatories if he believes the complaint to be faulty? I think not. By the majority opinion, that right belongs exclusively to judicial and quasi-judicial officers.

The trial court has never ruled on whether petition states a cause of action. This court has wrongly commandeered this authority. Consequently plaintiff has not

had an opportunity to amend his petition and is denied his right to argue its merits. 12 O.S.1971 § 314 gives a plaintiff an absolute right to amend his petition without leave anytime before an answer is filed without prejudice to the proceedings. 12 O.S.1971 § 315 allows a plaintiff to amend within ten days after the demurrer is filed. 12 O.S.1971 § 318 provides:

> "Amendment when demurrer sustained. If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court, in its discretion, shall direct."

The issuance of a writ of prohibition by this court prior to an answer by petitioner or a ruling on a demurrer divests trial court of his broad authority to permit amendment at anytime during proceedings. See *Maben v. Norvell,* 328 P.2d 425 (Okla. 1958).

The right of a plaintiff to amend his petition *before an answer* is an *absolute one* and plaintiff may plead any additional cause of action relating to the same subject matter. *Hocker v. Rackley,* 90 Okl. 83, 216 P. 151 (1923).

*Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) involved a suit under § 1983 against the Governor of Ohio, Adjutant General and others by the personal representatives of the estates of the students who were killed on the campus of Kent State University. The district court dismissed for lack of jurisdiction *before an answer was filed* because it felt the defendants were being sued in their official capacities. The sixth circuit affirmed. The United States Supreme Court reversed, holding the issue was not whether a plaintiff would ultimately prevail, even though it might appear on the face of the pleadings that a recovery was very remote and unlikely, but whether the claimant was entitled to offer evidence to support his claims. A complaint should not be dismissed for failure to state a claim unless it appears the plaintiff *could prove no set of facts* in support of his claim which would entitle him to relief. The acts of a government officer do not have the quality of a supreme and despotic edict, overriding all conflicting rights. These acts are reviewable through the judicial power granted by virtue of § 1983. The Court further held in *Scheuer* the district court had acted prematurely and hence erroneously in dismissing the complaints as it did, without affording claimants any opportunity to establish their claims.

This is the identical situation here. Plaintiff has had no opportunity to amend his petition to conform to *Imber* and present evidence to support his claim. I am not unmindful that the suit here is against a district attorney, not the governor. But to hold this office is clothed with a higher degree of immunity than that of the governor of a sovereign state is to do an injustice to the intent and meaning of the 1964 Civil Rights Act. The erosion of § 1983 has begun with the majority decision.

The trial court acted correctly in holding in abeyance his decision on petitioner's motion to dismiss and authority is still vested in that court unless taken over by the majority here. Plaintiff is entitled to a ruling from the trial court as to whether his petition states a cause of action and an opportunity to amend if it does not.

I express no opinion as to whether petition states a cause of action or as to the validity of plaintiff's claims or his chances of prevailing. I would simply hold that to dismiss the cause at this point, before plaintiff has had an opportunity to consider the answers to the interrogatories and if necessary amend his petition, is premature and a usurpation of the power of the trial court.

The writ should be denied.

I am authorized to state IRWIN, J., joins in this dissent.