FILED
United States Court of Appeals
Tenth Circuit

October 3, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MODOC NATION also known as Modoc
Tribe of Oklahoma; RED CEDAR
ENTERPRISES, INC.; EAGLE TG, LLC;
BUFFALO MTE, LLC; TALON MTE,
LLC; MODOC MTE, LLC; WALGA
MTE, LLC,

      Plaintiffs Counterclaim Defendants,

v.

RUSTY BOHL,

      Defendant,

and

RAJESH SHAH; SHARAD
DADBHAWALA; SOFTEK
MANAGEMENT SERVICES, LLC;
SOFTEK FEDERAL SERVICES, LLC;
SOFTEK SOLUTIONS, INC.,

      Defendants Counterclaimants -
      Appellees,

v.

BLAKE FOLLIS,

      Counterclaim Defendant -
      Appellant,

and

TROY LITTLEAXE; LEGAL
ADVOCATES FOR INDIAN COUNTRY
LLP,

No. 24-5135
(D.C. No. 4:19-CV-00588-JDR-JFJ)
(N.D. Okla.)

Counterclaim Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

---

Blake Follis, the former Attorney General of the Modoc Nation of Oklahoma, appeals the district court's denial of immunity on counterclaims asserted against him in his individual capacity. Counterclaimants Rajesh Shah; Sharad Dadbhawala; Softek Management Services, LLC; Softek Federal Services, LLC; and Softek Solutions, Inc. (collectively, "Softek"), move to dismiss this appeal, contending we lack a final decision. We review this interlocutory appeal under the collateral order doctrine, deny the motion to dismiss, and affirm the denial of immunity.

I

The Modoc Nation of Oklahoma and six of its economic entities[1] (collectively, "Tribe") brought this action asserting federal and state-law claims against Softek.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See Breakthrough Mgmt. v. Chukchansi*, 629 F.3d 1173, 1185 n.9 (10th Cir. 2010) (describing a tribal subdivision involved in economic pursuits as a "subordinate economic entity" (internal quotation marks omitted)).

Softek brought state-law counterclaims against the Tribe; Follis; the Tribe's General Counsel, Troy LittleAxe; and LittleAxe's law firm, Legal Advocates for Indian Country, LLP.

On cross motions to dismiss, Follis argued that, as the Tribe's Attorney General, he was entitled to both tribal sovereign immunity and official immunity under Oklahoma law.[2]  The district court determined that resolving the motions to dismiss would require considering materials beyond the pleadings, so it notified the parties it would convert the motions to dismiss to motions for summary judgment. After receiving supplemental briefing, the district court rejected Follis's immunity defense, ruling he was not entitled to tribal sovereign immunity because he—not the Tribe—was the real party in interest.  Nor was he entitled to official immunity, the district court ruled, because he failed to produce evidence that his alleged actions were all within his functions as the Tribe's Attorney General.[3]

Follis appealed the denial of summary judgment on his immunity claims, and Softek moved to dismiss the appeal, arguing we lack jurisdiction because the district court has not yet entered final judgment.[4]

---

[2] Follis also argued the counterclaims were barred by the litigation privilege. The district court rejected that argument.  Follis does not challenge that ruling.

[3] The district court also adjudicated some, but not all, of the pending claims and counterclaims, declined to certify its dismissal of the Tribe's federal claims as a final decision under Federal Rule of Civil Procedure 54(b), and stayed the case.

[4] Softek also contends Follis lacks standing to challenge the denial of the Tribe's assertion of immunity, but Follis is challenging the denial of immunity on behalf of himself, not the Tribe.

II

We first consider our jurisdiction.  We have jurisdiction over "appeals from all final decisions of the district courts."  28 U.S.C. § 1291.  "A 'final decision' within the meaning of § 1291 is normally limited to an order that resolves the entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).  However, § 1291 "encompasses not only judgments that terminate an action, but also a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final."  *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal quotation marks omitted).  These collateral rulings "include[] only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action."  *Id.* (internal quotation marks omitted).

Follis must establish our jurisdiction because he is the party asserting it.  *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023).  He refers us to *Breakthrough Management*, where we recognized that an "order denying a motion to dismiss involving a claim of tribal sovereign immunity is an immediately appealable collateral order."  629 F.3d at 1177 n.1 (citing *Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor*, 187 F.3d 1174, 1179–80 (10th Cir. 1999) ("[T]he denial of tribal immunity is an immediately appealable collateral order.")).  He says this authority establishes our jurisdiction.  We agree.

Tribal sovereign immunity, like absolute immunity, qualified immunity, and Eleventh Amendment immunity, "is an immunity from suit rather than a mere

4

defense to liability; and it is effectively lost if a case is erroneously permitted to go to trial." *BNSF Ry. v. Vaughn*, 509 F.3d 1085, 1090 (9th Cir. 2007) (citation modified). If Follis were precluded from prosecuting his appeal now, he would be subject to suit, which means his immunity defense would be effectively unreviewable on appeal from final judgment. Further, "[c]ourts have generally found that claims of immunity are separate from the merits of the underlying action." *Id*. So too here, Follis's immunity defense is untethered to the merits of Softek's counterclaims.[5] And the denial of immunity is conclusive because nothing in the ensuing district court proceedings will alter the conclusion that Follis is not immune from suit. Hence, the collateral order doctrine affords us jurisdiction to review the district court's rejection of Follis's immunity defense, both his tribal immunity claim,[6] *see Breakthrough Mgmt.*, 629 F.3d at 1177 n.1, and his state-law immunity claim, *see, e.g., Frias v. Hernandez*, 142 F.4th 803, 807 (5th Cir. 2025) ("The denial of state-law immunity in cases permissibly brought in federal court is a collateral order, which this court has jurisdiction to review." (internal quotation marks omitted)).

---

[5] Softek contends this appeal is not completely separate from the merits of its counterclaims because immunity turns on the district court's factual determinations. But the "denial of an immunity claim is appealable on an interlocutory basis only to the extent that it turns on an issue of law." *BNSF Ry.*, 509 F.3d at 1091.

[6] Both parties cite *Gardner v. Long*, No. 20-4128, 2021 WL 2327814, at *1 (10th Cir. Feb. 2, 2021), to argue the court's jurisdiction. In the unpublished case, we declined jurisdiction under analogous circumstances because it was clear from the face of the appeal that the appellant, who was not a tribal official, did not have tribal immunity. *Id*. But here, Follis is the Tribe's Attorney General who investigated the underlying alleged wrongdoing. We therefore find *Gardner* distinguishable from this instant appeal.

III

We review summary judgment rulings de novo. *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). "[S]ummary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "[W]e view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

A.    *Tribal Sovereign Immunity*

Follis first contends he is entitled to tribal sovereign immunity. "[A] tribe's immunity generally immunizes tribal officials from claims made against them in their official capacities." *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir. 2008). But Follis was not named in his official capacity; he was named in his individual capacity. *See* Aplt. App., vol. 2 at 6, ¶ 13. "The distinction between individual- and official-capacity suits is paramount" in assessing the availability of sovereign immunity. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). "In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." *Id.* "Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law." *Id.* (internal quotation marks omitted). "Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign." *Id.* at 162-63 (citation modified). "[S]overeign immunity does not erect a barrier against

6

suits to impose individual and personal liability." *Id.* at 163 (internal quotation marks omitted); *see also Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) ("An Indian tribe's sovereign immunity does not extend to an official when the official is acting as an individual or outside the scope of those powers that have been delegated to him." (internal quotation marks omitted)).

Softek sought to impose personal liability against Follis for his allegedly tortious actions. Among other things, the record indicates that in late 2016 or early 2017, before Follis became Attorney General, he interfered in Softek's relationship with the Tribe and attempted to leverage Tribal resources to develop a failed fantasy sports operation. *See* Suppl. App. at 9. He then marketed his gambling operation by using a significant amount of money from a $5 million line of credit jointly established by the Tribe and Softek. And in 2019, while serving as Attorney General, he attempted to terminate numerous Tribal employees whom he had wrongfully conscripted to work on his failed gambling operation. When Softek objected to his use of funding to support the gambling operation, Follis fabricated a false narrative that Softek defrauded the Tribe, and he retaliated by commencing the underlying litigation. *Id.* at 11, ¶ 45. Based on a civil conspiracy theory that Follis acted in concert with the Tribe and others, Softek sought to hold Follis and the other counterclaim defendants joint and severally liable. *See Native Am. Distrib.*, 546 F.3d at 1297 ("[S]overeign immunity does not bar the suit so long as the relief is sought not from the sovereign's treasury but from the officer personally." (brackets and

internal quotation marks omitted)).  These circumstances confirm Follis is the real party in interest.

Follis's arguments do not compel a different conclusion.  He insists the Tribe has sovereign immunity, but the Tribe's immunity is beside the point because he is the real party in interest.  *See Lewis*, 581 U.S. at 163 ("The identity of the real party in interest dictates what immunities may be available.").  He also says two tribal entities, Modoc MTE and Talon MTE, share the Tribe's sovereign immunity, but again, because he is the real party in interest, it does not matter whether these entities have immunity.  *See id.*  And in any event, Follis failed to preserve this contention in the district court.  *See* Aplt. App., vol. 1 at 201-03 (Follis's Summ. J. Mot.) (failing to raise any argument that Modoc MTE and Talon MTE retained sovereign immunity).

To the extent Follis faults the district court for citing cases from the motion to dismiss context rather than from the summary judgment context, the argument is unavailing.  The stage of proceedings is not germane to the real-party-in-interest analysis.  The district court appropriately cited the two cases for the propositions that the real party in interest may be discerned by examining whether the relief sought is from the official personally or from the Tribe's treasury, *see Phillips v. James*, No. CIV-21-256, 2023 WL 1785774, at *4 (E.D. Okla. 2023) (unpublished) (citing *Native Am. Distrib.*, 546 F.3d at 1297), and by examining whether the claims are asserted against the defendants in their individual capacities, as well as by whether the allegations against the individual defendants are factually distinct from

allegations against the Tribe, *see Gregory v. United States*, No. CIV-20-308, 2022 WL 4624693, at \*7 (E.D. Okla. 2022) (unpublished) (citing *Lewis*, 581 U.S. at 161-62). The district court committed no error in referring to these cases to conclude that Follis failed to show he was entitled to tribal sovereign immunity.

### B.      Official Immunity

Follis also contends he is entitled to absolute official immunity as the Tribe's Attorney General. "Tribal officials, like federal and state officials, can invoke personal immunity defenses." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021). "[P]ersonal immunity defenses [are] distinct from sovereign immunity." *Lewis*, 581 U.S. at 164 n.2. "An officer in an individual-capacity action . . . may be able to assert personal immunity defenses, such as . . . absolute prosecutorial immunity . . . ." *Id.* at 163 (italics omitted).

In Oklahoma, "a judicial officer is not liable in civil action for judicial acts." *Powell v. Seay*, 553 P.2d 161, 163 (Okla. 1976). Neither is a public officer liable for quasi-judicial discretionary activities "if they are within his jurisdiction, or lawful authority, regardless of his motive." *Id.* at 163-64. To hold a public officer "liable for discretionary acts in a private action, it must appear that he transcended the limits of his power, but as long as he remains within the scope of his legal authority he is not liable, notwithstanding his motive." *Id.* at 164.

We agree with the district court that Follis failed to show the absence of a fact issue as to whether he was entitled to absolute prosecutorial immunity. He claimed the allegations "relate to purported actions [he took] during an official investigation

[he] commenced . . . [and] conducted within the scope of authority granted to [him] as Attorney General." Aplt. App., vol. 1 at 217. He insists "a district attorney's investigations . . . are an intrinsic part of his prosecutorial function." Aplt. Br. at 21 (citing *Powell v. Seay*, 560 P.2d 555, 555 (Okla. 1976)). But the allegations refer to activities from 2016 and 2017, which precede the investigation Follis commenced after he became Attorney General in 2018. The allegations also include activities that were not within the scope of his authority as Attorney General. *See Powell*, 553 P.2d at 164. Indeed, Follis allegedly started a sports betting operation and siphoned money away from Softek and the Tribe to market it. When the gambling operation failed, he tried to terminate the Tribe's employees and create a false narrative for investigating Softek. These allegations "appear [to] transcend[] the limits of his power," *id.*, and Follis offers no authority suggesting that such alleged attempts to cover-up wrongdoing are functions associated with either the judicial process or his authority as Attorney General.

Follis protests that this analysis improperly credits Softek's allegations, which are based on mere "information and belief," while ignoring his declaration and other evidence. Aplt. Opening Br. at 21 (internal quotation marks omitted). But the district court correctly concluded that Follis could not rely on his own self-serving declaration because it averred in conclusory fashion that his actions all occurred within the scope of his official duties. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (recognizing that "conclusory and self-serving affidavits are not sufficient" to survive summary judgment, and rejecting three affidavits as

10

conclusory because they failed to provide "any factual bases for the inference" asserted).

As for the rest of his evidence, Follis insists it warrants summary judgment in his favor. He submitted documents reflecting that he was appointed Attorney General, *see* Aplt. App., vol. 1 at 220; that he directed Softek to preserve evidence, *see id.* at 232-40; that he terminated Softek's services agreement and an employee, *see id.* at 242-44; and that the Tribe's Chief directed him to investigate Softek's activities, *see id.*, vol. 2 at 43. But these documents say nothing about the extent to which his alleged wrongdoing was associated with either the judicial process or his functions as Attorney General. Follis, as the moving party, bore "the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [he] believe[d] demonstrate[d] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Because the foregoing documents and his conclusory, self-serving declaration failed to carry that burden, the district court correctly declined to enter summary judgment in his favor.

IV

Accordingly, we deny the motion to dismiss and affirm the district court's denial of immunity.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge