James R. **STOREY**, Plaintiff,

v.

**OFFICE OF PERSONNEL MANAGEMENT**, Defendant.

Civ. A. No. C 80–1506 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 17, 1981.

Carl P. Fredericks, Marietta, Ga., for plaintiff.

William L. Harper, U. S. Atty., Myles Eastwood, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

This action was originally brought against the United States Civil Service Commission, but the Commission was abolished in 1978 and the administration of the civil service retirement law was transferred to the Office of Personnel Management. The court has been informed that the government has no objection to the substitution of the Office of Personnel Management as the proper party defendant in this action, and such substitution is hereby ORDERED.

■ The government has moved to dismiss the action for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The plaintiff alleges that Congress acted arbitrarily and capriciously and denied him his fifth amendment rights in enacting 5 U.S.C. § 8332(b), which provides that per-

sons employed as National Guard technicians will be eligible to participate in the federal civil service retirement system, since the provision is applicable only to persons so employed on or after January 1, 1969. The plaintiff claims such deprivation upon the fact that he worked as a National Guard technician from 1948 through 1959, and since he was not employed on or after January 1, 1969, he has been arbitrarily denied the right to participate in the federal civil service retirement system. The complaint, on its face, appears to state a claim for deprivation of the plaintiff's fifth amendment rights. Although courts should be hesitant to grant a motion to dismiss for failure to state a claim because of the requirement that a complaint be liberally construed when subjected to a motion to dismiss, *Barnes v. Merritt*, 376 F.2d 8 (5th Cir. 1967), the court is of the belief that such a requirement should not be so rigidly construed when the only issue before the court on such a motion to dismiss is the constitutionality of a federal statute.

■ The plaintiff alleges that the statute is facially unconstitutional in that it arbitrarily deprives any former National Guard technician who was not so employed on or after January 1, 1969, of those benefits afforded to technicians who were employed on or after such date. The factual allegations in the plaintiff's complaint are not contested, and the only issue before the court is a question of law. The fact that the defendant attached a copy of the legislative history of the subject statute to its brief does not convert the motion into one for summary judgment, since the brief and legislative history are not considered "matters outside the pleading." *Nix v. Fulton Lodge No. 2, IAM*, 452 F.2d 794 (5th Cir. 1972).

Prior to the enactment of the National Guard Technicians Act of 1968, there was some question as to whether National Guard technicians were state employees or federal employees. Although National Guard units were essentially under state control, salaries of the National Guard tech-

**56**

nicians were paid in full by the federal government. In considering the legislation, Congress noted, "Despite uniformity with respect to salaries and required standards there has been no program, on a uniform national basis for a retirement and fringe benefits program for technicians." H.Rep. No.1823, [1968] U.S.Code Cong. & Ad.News pp. 3318, 3319. The following observation was also made:

The bill provides that in order to receive credit for past technician service for civil service retirement and other purposes, a person must be a technician either on the effective date of the act or at some future date. The basic purpose of the legislation is to provide an incentive for participation in the technician program. To omit this requirement would credit persons who might have served for some years in the technician program in the past but who would never be a technician either on or after the effective date of the act.

[1968] U.S.Code Cong. & Ad.News at 3329.

The last sentence in 5 U.S.C. § 8332(b) provides: "Service referred to in paragraph (6) [i. e., as a National Guard technician] is allowable only in the case of persons performing service under section 709 of Title 32, United States Code, on or after the effective date of the National Guard Technicians Act of 1968 [*viz.,* January 1, 1969]."

Because the statute at issue in this case is not based upon a "suspect classification" and does not involve a "fundamental right," it will pass constitutional muster if it is reasonable, not arbitrary, and is rationally related to a permissible congressional objective. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

The Supreme Court has repeatedly stated its "awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976). "[E]very line drawn by a legislature leaves some out that might

well have been included. That exercise of discretion, however, is a legislative, not a judicial, function." *Village of Belle Terre v. Boraas,* 416 U.S. 1, 8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974) (footnote omitted). This court finds as a matter of law that Congress did not act arbitrarily or capriciously in providing that the statute in question would apply only to those National Guard technicians who are employed on or after January 1, 1969, but properly exercised its discretion as to when the provisions should become applicable. Furthermore, to encourage technicians to join or remain in the National Guard is a legitimate governmental interest, and the statute and its provisions regarding those persons eligible to participate in the retirement system bears a rational relationship to that governmental interest.

For the foregoing reasons, the court finds that the statute challenged by the plaintiff is constitutional. Consequently, judgment will be entered for the defendant, and the complaint will be DISMISSED.