**Sheryl SHEEHAN**

v.

**Richard COLANGELO and Monica Billingslea.**

**Civ. No. 3:98CV632(WWE).**

United States District Court, D. Connecticut.

Oct. 26, 1998.

Norman A. Pattis, Williams, Polan & Pattis, New Haven, CT, for Sheryl Sheehan.

Robert Bishop Fiske, III, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Richard Colangelo.

M. Jeffry Spahr, Corporation Counsel's Office, Norwalk, CT, for Monica Billingslea.

### RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendant Colangelo's motion to dismiss will be granted on the basis of absolute prosecutorial immunity. A state prose-

cutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not subject to suit under 42 U.S.C. § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The purpose of providing absolute immunity is to protect prosecutors from harassing litigation that would divert them from their official duties and allow them to exercise their independent judgment in deciding what cases to initiate and pursue. *Kalina v. Fletcher,* 522 U.S. 118, 118 S.Ct. 502, 506, 139 L.Ed.2d 471 (1997). In determining whether absolute immunity is applicable, the court must examine "the nature of the function performed," *i.e.,* whether the actions complained of are part of the prosecutor's traditional role and whether those acts are closely related to the judicial process. *Doe v. Phillips,* 81 F.3d 1204, 1209 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 1244, 137 L.Ed.2d 326 (1997). Investigative functions undertaken by a prosecutor that are usually performed by a detective or police officer fall outside the scope of absolute immunity. *Kalina,* 118 S.Ct. at 506.

Here, plaintiff argues that defendant Colangelo is not entitled to absolute prosecutorial immunity because he played a lead role in the investigatory phase of the arrest warrant process by instructing defendant Billingslea, a Norwalk police officer, to prepare the arrest warrant and leave out certain exculpatory information. Plaintiff's argument is without merit because a prosecutor's determination to file charges, and the selection of which facts to include in the affidavit that serves as the basis for the finding of probable cause, requires the exercise of the independent judgment of the prosecutor. *Kalina,* 118 S.Ct. at 509. Defendant Colangelo's motivation in initiating the proceedings against plaintiff has no bearing because absolute immunity applies to "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994).

Plaintiff's argument that the facts in *Kalina* are akin to the facts presented here is unpersuasive. In *Kalina,* the prosecutor commenced criminal proceedings by filing three documents: (1) an unsworn informa-

tion; (2) an unsworn motion for an arrest warrant; and (3) a "Certification for Determination of Probable Cause." In the Certification, the prosecutor set forth a summary of the evidence supporting the charge and swore to the truth of those facts under penalty of perjury. The Supreme Court held that the prosecutor's

activities in connection with the preparation and filing of two of the three charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity. Indeed, except for her act in personally attesting to the truth of the averments in the certification, it seems equally clear that the preparation and filing of the third document in the package was part of the advocate's function as well.

*Kalina,* 118 S.Ct. at 509. Here, there are no allegations that defendant Colangelo personally vouched for the truth of the facts set forth in the arrest warrant application. Because plaintiff's complaint is completely devoid of any facts that would support a claim that defendant was acting as an investigator as opposed to an advocate, defendant Colangelo is entitled to absolute immunity from liability in this matter.

### Conclusion

Based on the foregoing, defendant Colangelo's motion to dismiss [doc. # 7] is GRANTED.