**Sheryl SHEEHAN, Plaintiff–Appellant,**

v.

**Richard COLANGELO, Defendant–Appellee,**

Monica Billingslea, Defendant.

Docket No. 02–7736.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2002.

Norman A. Pattis, New Haven, CT, for Appellant.

Robert B. Fiske, III, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Appellee.

Present CABRANES, POOLER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is **AFFIRMED.**

In April of 1998, plaintiff Sheryl Sheehan brought suit against Richard Colangelo, a Connecticut state prosecutor, and Monica Billingslea, a Norwalk, Connecticut police officer, alleging malicious prosecution under 42 U.S.C. § 1983. Plaintiff's claim against Officer Billingslea was settled outside of court, and her claim against defendant Colangelo was dismissed under Fed.R.Civ.P. 12(b)(6) by the District Court in a decision of October 26, 1998 holding that Colangelo, as a prosecutor, was entitled to absolute immunity. *Sheehan v. Colangelo,* 27 F.Supp.2d 344 (D.Conn. 1998). Plaintiff appeals the dismissal of her claim.

Plaintiff acknowledges that prosecutors acting within the scope of the adversarial function enjoy absolute immunity from suit. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 272–73, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Zahrey v. Coffey,* 221 F.3d 342, 346–47 (2d Cir.2000); *Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir.1990). However, she argues that when Colangelo directed Officer Billingslea to delete exculpatory material from an arrest warrant, Colangelo was acting in an investigative, rather than an adversarial, capacity. *See Kalina v. Fletcher,* 522 U.S. 118, 125–26,

118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (holding that a prosecutor does not enjoy absolute immunity where he is acting in an investigative capacity indistinguishable from that of a police officer); *Buckley,* 509 U.S. at 273–74, 113 S.Ct. 2606 (same); *Zahrey,* 221 F.3d at 346–47 (same); *Day,* 909 F.2d at 77 (same). Sheehan's complaint, the allegations of which we accept as true for the purposes of a motion to dismiss, *see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), asserts that Colangelo told Officer Billingslea, after a first attempt to obtain a warrant on Sheehan was unsuccessful, to delete exculpatory material from the warrant application and to resubmit the document. A different judge approved the revised warrant application, unaware that a previous version had been rejected.

In asserting that Colangelo's actions with respect to the warrant were investigatory and that, therefore, he is not protected by the doctrine of absolute immunity, defendant relies primarily upon *Kalina v. Fletcher,* 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). In *Kalina,* the Supreme Court held that a prosecutor was acting as an investigator, and was not protected by absolute immunity, when she signed a sworn affidavit attesting to the facts supporting an arrest warrant. *Id.* at 129–31, 118 S.Ct. 502. However, *Kalina* is distinguishable because, as the District Court noted, there is no allegation in this case that defendant Colangelo personally vouched for the truth of the facts set forth in the arrest warrant application (and, indeed, it is clear from the record that he did not make any such affirmation). *Sheehan,* 27 F.Supp.2d at 345. The complaint alleges only that Colangelo selected the particular facts that were to be included in the arrest warrant and told Officer Billingslea

586

to remove from those facts certain exculpatory circumstances. *Kalina* makes clear that the process of selecting which facts to include in an arrest warrant, unlike the signing of a factual affidavit, is squarely within the scope of a prosecutor's adversarial duties. *Kalina,* 522 U.S. at 128–31, 118 S.Ct. 502; *see also Barr v. Abrams,* 810 F.2d 358, 362 (2d Cir.1987) (holding that prosecutors are absolutely immune with respect to actions taken in procurement of an arrest warrant).

Furthermore, the Supreme Court has elsewhere held that even the deliberate suppression of exculpatory evidence falls within the scope of a prosecutor's adversarial duties. *Imbler,* 424 U.S. at 431 & n. 34, 96 S.Ct. 984. The same is true with respect to the alleged initiation of a malicious prosecution, since a prosecutor's decision whether or not to bring charges is an integral part of the adversarial function. *See Powers v. Coe,* 728 F.2d 97, 104 (2d Cir.1984). Accordingly, plaintiff's attempts to label Colangelo's activities as "investigative" rather than "adversarial" are to no avail. The District Court correctly held that Colangelo is entitled to absolute prosecutorial immunity and that plaintiff's § 1983 claims should therefore be dismissed.

We have reviewed all of the plaintiff's arguments. For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**