2005 OK CIV APP 79

**Eddie Dean WHITE, Plaintiff/Appellant,**

**v.**

**STATE of Oklahoma, ex rel. Tim HARRIS in his official capacity as Tulsa County District Attorney, Defendant/Appellee,**

**and**

**John/Jane Doe, in his/her official capacity as Clerk for the Tulsa County District Attorney; City of Tulsa, ex rel. Mayor Susan Savage in her official capacity; City of Tulsa Police Department; Ron Palmer, in his official capacity as Chief of Police for the City of Tulsa; Greg**

Douglas, in his official capacity as Detective for the City of Tulsa Police Department; and John/Jane Doe in his/her individual and official capacity as Clerk for the City of Tulsa Police Department, Defendants.

No. 100,968.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 17, 2005.

Certiorari Denied Oct. 3, 2005.

Charles M. Fox, Tulsa, OK, for Plaintiff/Appellant.

Linda K. Greaves, Assistant District Attorney, Tulsa, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶1 Plaintiff/Appellant Eddie Dean White (Appellant) appeals from the trial court's order granting the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

filed by Defendant/Appellee the State of Oklahoma, ex rel. Tim Harris in his official capacity as Tulsa County District Attorney (District Attorney). The trial court granted the District Attorney's Motion based on the court's conclusion that the acts alleged in Appellant's Petition came within the prosecutorial function of the District Attorney's office and that, as a result, sovereign immunity protected District Attorney from liability. We find the undisputed facts support the trial court's decision and affirm.

¶ 2 In his Petition, Appellant alleged that District Attorney was negligent in preparing an arrest warrant which resulted in Appellant being arrested for a crime he did not commit. Appellant alleged causes of action for false arrest and false imprisonment, negligence, and violation of civil rights. Appellant averred he had complied with the notice requirements of the Governmental Tort Claims Act (GTCA).

¶ 3 Appellant alleged that a woman named Eddie M. Barnett reported to the Tulsa Police that a man named Edward Dean White had exposed himself to her at her front door in Tulsa. Barnett's written statement was attached to the police report, and, in the statement, Barnett asserted she knew the identity of the perpetrator because he is her landlord's son. Barnett described the suspect as a black male with black hair and brown eyes, who was 6′ to 6′1″ tall and weighed 175 pounds. Barnett also reported the suspect White's address as 2247 N. Quincy Avenue in Tulsa.

¶ 4 Appellant further alleged that on September 8, 2000, a Tulsa Police detective interviewed Barnett. A week later, the Tulsa Police Department prepared a prosecution report naming Edward Dean White as the suspect, but this report did not include a physical description. The detective prepared an affidavit for an arrest warrant, which described the suspect as "B/M, DOB 6–22–60 SSN ..." and listed the address of 2247 N. Quincy Avenue in Tulsa.

¶ 5 Appellant alleged that a clerk in District Attorney's office prepared the arrest warrant. On October 12, 2000, a Tulsa County District Court judge signed a warrant for the arrest of Eddie Dean White, an Indian male, 5′10″ tall, 175 pounds, with black hair and green eyes. The warrant listed the same date of birth, social security number, and home address as those on the affidavit. Appellant, an Indian male with black hair and green eyes who is 5′10″ tall and weighs 175 pounds, was arrested October 25, 2000 for the crimes of indecent exposure and peeping tom. Appellant was released on bond the next day. At the April 25, 2001 preliminary hearing, an Assistant District Attorney announced that the victim had stated the perpetrator was a black man while Appellant is white, and that the victim had told the Assistant District Attorney that she had never seen Appellant before. The charges against Appellant were then dismissed with prejudice.

¶ 6 In his Petition, Appellant asserted that by arresting him, the State wilfully and unlawfully restrained him. Appellant also asserted that various defendants were responsible for training the Tulsa police officers who arrested him and that District Attorney was responsible for the negligent preparation of the warrant which led to his arrest. Appellant argued District Attorney was negligent in failing to investigate whether the perpetrator Edward Dean White was the same person as Appellant, Eddie Dean White. Appellant likewise asserted certain police officers were negligent in retrieving the warrant information on "Eddie Dean White" from the Tulsa Police Records which caused the warrant to describe the suspect as an Indian male with green eyes rather than a black male with brown eyes as reported by the victim. Appellant argued that District Attorney breached a duty to inspect documents used to obtain arrest warrants to ensure the proper suspect is described.

¶ 7 After the matter was removed to federal court and then remanded to the Tulsa County District Court, District Attorney filed his Motion to Dismiss, or in the Alternative Motion or Summary Judgment.[1] District At-

1. The record indicates that Appellant's claims against the other defendants had either been

dismissed or remained in federal court at the

torney argued first that the federal court had held that Appellant's claims addressed activities held to be part of the prosecutorial function of District Attorney, and that the federal court's holding on that issue was res judicata.[2] District Attorney noted prosecutorial functions are exempted from the waiver of immunity in the GTCA. District Attorney also argued that its self-insured status did not waive its immunity afforded by the GTCA. District Attorney lastly argued that in preparing the warrant for arrest here it relied on information from several sources which resulted from database updates made in the regular course of prosecutorial functions.

¶ 8 In its Journal Entry of Judgment, the trial court found that the directors and officers liability insurance policy and the Certificate of Self Insurance issued by the Division of Risk Management did not individually or collectively waive District Attorney's immunity under the GTCA. The trial court further found that the actions alleged by Appellant are inherent to the District Attorney's prosecutorial function and, as a result, District Attorney is immune from liability for those acts pursuant to 51 O.S.2001 § 155(2).

¶ 9 On appeal, Appellant argues first that the trial court erred in finding District Attorney did not waive immunity by obtaining insurance. Appellant also asserts that

the improper warrant information resulted from District Attorney's database maintenance and use, which Appellant argues are not part of the prosecutorial functions of District Attorney. Lastly, Appellant argues it was error to dismiss his Petition with prejudice without affording him an opportunity to amend his Petition. We dispense with the last argument by noting that District Attorney attached evidentiary materials to its Motion to Dismiss or in the Alternative Motion for Summary Judgment, the trial court reviewed those evidentiary materials, and the Journal Entry of Judgment is therefore a summary judgment order rather than a dismissal with prejudice. *Hill v. Blevins,* 2005 OK 11, 109 P.3d 332; 12 O.S.2001 § 2012(B).

¶ 10 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2001, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group,* 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment.

time Appellant's claim against District Attorney was remanded to the district court.

2. The November 22, 2002 Order of the U.S. District Court granted the City of Tulsa's request for dismissal and granted in part and denied in part District Attorney's request for dismissal. The federal court addressed Appellant's 42 U.S.C.A. § 1983 claim that District Attorney violated his civil rights by including inaccurate suspect information in the warrant which led to Appellant's arrest. The federal court noted that a suit against District Attorney in his official capacity is a suit against the State, and the State is immune from being sued in federal court under the Eleventh Amendment. The federal court therefore dismissed the Appellant's claim against District Attorney in his official capacity.

The court then addressed Appellant's claim against District Attorney in his individual capacity. The court noted District Attorney asserted he was entitled to absolute prosecutorial immunity. The court recognized that the leading § 1983 prosecutorial immunity case, *Imbler v. Pacht-*

*man,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), had held that a prosecutor acting within the scope of his duties in initiating and prosecuting a crime has the same absolute immunity under § 1983 as at common law. The federal district court in this case noted that Appellant had failed to show that District Attorney personally investigated or participated in investigatory actions in preparing the arrest warrant in this case. The court held that absent an allegation of District Attorney's personal involvement in the investigatory actions, Appellant's claim was "limited to those activities that are traditionally held to be part of the prosecutorial function as State advocate." The court noted that for such functions District Attorney was entitled to absolute immunity and therefore dismissed Appellant's § 1983 claim against District Attorney in his individual capacity.

Based on its finding that no federal civil rights claims remained in Appellant's case against District Attorney or the City of Tulsa, the court remanded the matter to the state district court for determination of Appellant's negligence claim against District Attorney.

*Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275.

¶ 11 The undisputed facts in the record show that District Attorney's actions were immune from liability pursuant to the GTCA. That Act provides that the State of Oklahoma has adopted sovereign immunity and that its employees acting within the scope of their employment are immune from liability for torts. 51 O.S.2001 § 152.1(A). The GTCA provides that the State has waived its sovereign immunity only for those acts not exempted by the Act. 51 O.S.2001 § 152.1(B). Section 155(2) of the Act provides that the State or a political subdivision shall not be liable for losses resulting from judicial, quasi-judicial, or prosecutorial functions.

¶ 12 The evidence in this case shows that Appellant's name and information were in the Tulsa County TRACIS criminal information database and that Appellant's description matched the suspect Edward Dean White's except for race and eye color. For reasons unclear from the record, the arrest warrant prepared by a clerk in District Attorney's office listed Appellant's identifying information. Pursuant to the warrant, Appellant was arrested instead of the suspect described by the victim. The issue here is whether such a mistake in the arrest warrant subjects District Attorney to liability or whether District Attorney is immune pursuant the GTCA.

¶ 13 In *Powell v. Seay*, 1976 OK 22, 553 P.2d 161, a case preceding the enactment of the GTCA, a county sheriff sued a county attorney for malicious prosecution. The sheriff sued following dismissal of charges against the sheriff for threatening a witness. The county attorney sought a writ of prohibition seeking to prohibit the district court from proceeding further in the case. The Oklahoma Supreme Court noted that it had consistently held that judicial officers are not liable civilly for judicial acts. *Id.* at ¶ 10, citing *Comstock v. Eagleton*, 1902 OK 20, 69 P. 955, 11 Okla. 487. The court further recognized that a public officer engaged in a quasi-judicial duty involving discretion is immune from liability for those acts if they are within his jurisdiction or authority. *Id.* at ¶ 11, citing *Mills v. Smith*, 1960 OK 193, 355 P.2d 1064. The court explained that a county attorney's actions within the scope of his authority are "quasi-judicial" and afford absolute immunity. *Id.* at ¶ 12, citing *Price v. Cook*, 1926 OK 888, 250 P. 519, 120 Okla. 105. In *Powell* the court noted, most pertinent to this case, that the filing of criminal charges and prosecution of criminal matters are prosecutorial functions. *Id.* at ¶ 18. Although the record here supports a finding that the issuance of an arrest warrant for Appellant based on the victim's report was reasonable based on Appellant's similar name and description and criminal history within District Attorney's database, such a decision would require weighing the facts, which we may not do on review of summary judgment.[3] Instead, we find that District Attorney's actions in preparing and obtaining an arrest warrant were part of his prosecutorial functions.[4] As

3. Appellant has asserted that the Tenth Circuit has distinguished between prosecutorial functions and administrative functions, citing *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir.2000). However, that opinion clearly supports the trial court's finding here that District Attorney was immune based on the prosecutorial function exception to the GTCA:

> [S]tate attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process.' Absolute immunity does not extend to actions that are primarily investigative or administrative in nature, though it may attach even to such administrative or investigative activities when

these functions are necessary so that a prosecutor may fulfill his function as an officer of the court. In drawing this distinction, we are guided by the following principle: The more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach. Investigative acts that fall outside the scope of absolute immunity are accorded qualified immunity. (Citations omitted).

4. The Supreme Court has held that a prosecutor's conduct in filing a motion for an arrest warrant is subject to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 509, 139 L.Ed.2d 471 (1997). It has been held that the issuance of a warrant is the initiation of prosecution and therefore is a prosecutorial

a result, District Attorney is immune from tort liability for such acts as a matter of law pursuant to the GTCA.

■ ¶ 14 We next review the trial court's finding that District Attorney's GTCA immunity was not waived by virtue of obtaining insurance. In his Motion for Summary Judgment, District Attorney averred that pursuant to 74 O.S.2001 § 85.58A(I) the Oklahoma Risk Management Administrator may provide or obtain liability insurance for officers and employees. District Attorney also noted that the subsection requires that such insurance be for coverage in excess of the liability limits established by the GTCA, but the statute also provides that such insurance shall not limit or waive any of the immunities afforded by the Eleventh Amendment, state sovereign immunity, or any absolute or qualified immunity held by directors, officers, employees, or members of insured state agencies. The Risk Management Administrator obtained a Directors, Officers, and Trustees Insurance and Not–For–Profit Organization Reimbursement Policy covering District Attorney and the policy is attached to the Motion for Summary Judgment. It provides that claims "arising out of, based upon, attributable to or subject to [GTCA] or any similar federal, state, or common law" are excluded from coverage.

¶ 15 Appellant argues that District Attorney also is self-insured for tort liability up to $175,000. Appellant asserts that the self-insurance certificate does not expressly exclude GTCA claims from coverage. The self-insurance certificate indicates it has a liability limit of $175,000 for "general tort liability." Based on the Oklahoma Supreme Court's reasoning in *Brewer By and Through Brewer v. Independent School Dist. No. 1*, 1993 OK 17, 848 P.2d 566, an insurance policy may waive immunity only to the extent of coverage, citing *Herweg, By and Through Stanard v. Board of Educ. of Lawton Public Schools*, 1983 OK 75, 673 P.2d 154, and *Lamont Ind. Sch. Dist. # I–95 of Gr. Cty. v. Swanson*, 1976 OK 38, 548 P.2d 215. But, the *Brewer* court noted that it did not follow that the GTCA exemptions from liability were waived because of the existence of insurance. 848 P.2d 566 at ¶ 6. The court determined that the waiver of immunity to the extent of coverage referred not only to dollar amounts, but also to the risks insured against by the policy. *Id.* In *Brewer*, the court noted that the policy provided that it would pay amounts the school district became legally obligated to pay. *Id.* at ¶ 7. The court concluded that the alleged injury was exempt from liability by the GTCA and that accordingly, the school would not be legally obligated to pay such exempt amount and the policy therefore did not apply to waive immunity because the extent of coverage was limited to liability imposed by law. *Id.* The court then concluded that the plaintiff's claims were all exempted from liability by

function. *McCollum v. Garrett,* 880 S.W.2d 530, 535 (Ky.1994). Federal cases addressing immunity from claims of civil rights violations under 42 U.S.C.A. § 1983 have also held that a prosecutor's conduct associated with issuing warrants is part of the prosecutorial function and subject to absolute immunity. Prosecutor was entitled to absolute prosecutorial immunity for instructing police officer to prepare the warrant for arrest of plaintiff; absent allegations that prosecutor personally vouched for truth of the facts set forth in the arrest warrant application, prosecutor was acting as an advocate, rather than as an investigator. *Sheehan v. Colangelo,* 27 F.Supp.2d 344 (D.Conn.1998), aff'd 53 Fed.Appx. 584 (2nd Cir.2002). County assistant district attorney accused of abuse of process under state law was entitled to immunity; actions on which abuse of process claim was premised, including procuring indictment, issuing grand jury subpoenas and obtaining an arrest warrant, were quasi-judicial and entitled to immunity. *Coakley v. Jaffe,* 49

F.Supp.2d 615 (S.D.N.Y.1999), aff'd 234 F.3d 1261 (2nd Cir.2000). Investigator who prepared felony complaint and arrest report for county jail inmate, who was accused of assaulting another inmate, was entitled to absolute immunity because decision to file criminal complaint and seek arrest warrant were quasi-judicial functions involved in initiation of a prosecution, and so were *prosecutorial in nature,* because district attorney would be entitled to absolute immunity for performing same acts. *Goncalves v. Reynolds,* 198 F.Supp.2d 278 (W.D.N.Y.2001). Assistant district attorney was acting in his prosecutorial role when he directed a police officer to arrest plaintiff without a warrant and was therefore entitled to prosecutorial immunity in civil rights action; fact that assistant district attorney may have provided the arresting officer with incorrect legal advice did not bar the invocation of prosecutorial immunity. *Orobono v. Koch,* 30 F.Supp.2d 840, 843 (E.D.Pa.1998).

the GTCA and therefore affirmed summary judgment in favor of the school district.

¶ 16 We find the language of the self-insurance certificate attached to Appellant's objection to summary judgment provides insurance only for *tort liability*. As explained above, Appellant's claims against District Attorney are exempt from liability under the GTCA because they fall within the prosecutorial functions exemption. As a result, the claims do not come within the extent of coverage of the self-insurance certificate and the certificate does not result in a waiver of immunity here.

¶ 17 The undisputed facts in the record here show that District Attorney was entitled to judgment as a matter of law. Summary judgment in favor of District Attorney is accordingly AFFIRMED.

JOPLIN, P.J., and HANSEN, J., concur.